FARMERS' LOAN AND TRUST COMPANY, Appellee, v. W. D. TURNER, Appellant, JESSIE G. TURNER AND INTER-STATE LAND AND INVESTMENT COMPANY.

PRINCIPAL AND SURETY: *Release of part of security.* Where plaintiff made a loan to defendant for his sole benefit, and received a mortgage from defendant, and also certain security from a third person, to whom defendant paid part of the money in satisfaction of his debt to him, plaintiff's release of the latter security does not affect defendant's liability.

*Appeal from Woodbury District Court.*—HON. JOHN F. OLIVER, Judge.

MONDAY, MAY 21; 1900.

ACTION in equity to foreclose a mortgage upon real estate. There was a decree for the plaintiff, from which defendant W. D. Turner appeals.—*Affirmed.*

*Marks & Mould* for appellant.

*M. J. Sweeley* for appellee.

SHERWIN, J.—Prior to the execution of the notes and mortgage in suit, the plaintiff held a judgment against D. H. Skinner, which it claimed was a lien upon the land covered by the mort-

gage herein. When the notes and mortgage were executed, W. D. Turner owned the land, and was negotiating a loan of twenty-five thousand dollars thereon with the Banker's Life Association of Des Moines. On the twenty-third of March, 1897, he made a written application to the plaintiff for a loan of one thousand six hundred and twenty-nine dollars and thirty-eight cents. The amount of this loan was understood by all parties to be made up of the Skinner judgment and seven hundred dollars in addition thereto, which was required to pay other incumbrances on the land before the loan could be made of the Bankers' Life Association. The loan was made by the plaintiff to Turner. Seven hundred dollars in cash was paid him, and the Skinner judgment was satisfied on the record. The mortgage securing the loan was made subject to the proposed mortgage to the Bankers' Life Association. On the same day that the notes and mortgage were executed and delivered, a written memorandum was made by plaintiff and Turner reciting the loan, the payment of the Skinner judgment, and stating that, to secure the payment of the loan, D. H. Skinner had pledged and delivered to the Farmers' Loan & Trust Company ten shares of stock in the Northern Land Company of Sioux City, Iowa, represented by certificate No. 70, issued September 1, 1891, and agreea that, "if default was made in the payment of any of said notes, * * * the stock might be sold, * * * and the proceeds applied to the payment of the notes." This stock belonged to Clara G. Skinner, mother of D. H. Skinner. It had been pledged by her as security for the note upon which the Skinner judgment was rendered. At the time D. H. Skinner undertook to pledge it as security for the loan from plaintiff to Turner it was still the property of Clara G. Skinner, and, so far as the record shows, no one had authority from her to pledge it for any purpose. Some time after this she made a demand upon the plaintiff for this stock, and it was surrendered to her. The appellant contends that this security was surrendered without his consent, that it was pledged to secure the Skinner judgment, and that the act releasing it was a breach of contract, and that he should not now be held to pay more than the seven hundred dollars which he received in cash. From the facts before us it appears conclusively that Turner made the loan of the plaintiff and paid off the Skinner judgment for his own personal use and benefit. He therefore alone became indebted to the plaintiff for the whole amount of the notes and mortgage. Neither he nor D. H. Skinner had any authority to pledge the stock of Clara G. Skinner, and, if they had, no reason is apparent to us why the plaintiff might not release a part or the whole of its security, if it so desired, without consulting Turner. We think the district court reached the right conclusion in this case, and its judgment is AFFIRMED.